IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRANDON COOK,<br><br>    Plaintiff,<br><br><br><br><br><br>      vs.<br><br><br>AMERICA'S SERVICING COMPANY, a<br>division of Wells Fargo Bank, N.A.,<br><br>    Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER AND<br>MOTION FOR PRELIMINARY<br>INJUNCTION<br><br><br><br>Case No. 2:10-CV-1233 TS |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff seeks to stop the foreclosure sale of his property based on Defendant's alleged breach of contract and negligence in processing Plaintiff's loan modification application.

## I.  BACKGROUND

Plaintiff alleges in his Complaint and Memorandum in Support, but not by any personal affidavit, that Defendant agreed over the telephone to withdraw mortgage payments in the

amount of $1,428.00 from Plaintiff's checking account in the months of December 2009 and January 2010. The payments were not withdrawn and, when Plaintiff followed up, he was informed that there was no annotation on his account showing authorization to withdraw funds from his checking account. Furthermore, because the December payment was not made he would need to pay $7,200.00 by February 1, 2010, or his home would go into foreclosure. Plaintiff was unable to attain the $7,200.00 by that date and the home went into foreclosure.

Subsequently, Plaintiff alleges that in April 2010 he was told by an employee of Defendant that it had received all requested documents for his loan modification application. However, in May 2010 he was told that documents were missing. He was later asked to submit updated documents in November 2010.

The Court notes that Plaintiff's Memorandum in Support is merely a restatement of the allegations in his Complaint, and only argues in his Memorandum in Support that "[e]ach of the claims against ASC are meritorious and as such PLAINTIFF has a substantial likelihood of prevailing against ASC in litigating the issues in the complaint."[1]

## II. DISCUSSION

In order for Plaintiff to be entitled to a temporary restraining order, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the

---

[1]Docket No. 6-1, at 7.

public interest.[2]

Having reviewed the allegations contained in his Complaint, as well as the arguments made in his Memorandum in Support, as well as Defendant's Memorandum in Opposition, the Court finds that Plaintiff has failed to satisfy the high standard required to obtain a temporary restraining order or a preliminary injunction. Specifically, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Merely restating one's Complaint and arguing that his claims are meritorious does not satisfy the requirements for a temporary restraining order or preliminary injunction. Plaintiff has provided no affidavits or other documentary evidence demonstrating Defendant breached a contract or was negligent.

Furthermore, Plaintiff has failed to show why preventing the foreclosure is an appropriate remedy for his allegations of negligence and breach of contract.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 6) is DENIED.

DATED January 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).